EDWIN C. MORSCH, Respondent, *v.* MORRIS S. SCHOENBAUM, Appellant, Impleaded with JOSEPH SHAPIRO, Respondent.

Second Department, March 17, 1922.

Partnership — action to set aside agreement of settlement and for accounting of partnership concerning purchase and sale of land — agreement of settlement enforcible in absence of fraud — fraud in settlement based on improper items of expenses and disbursements not shown — accounting party not limited to allowance of expenses represented by vouchers — receipt of commission on purchase of property by one of partners not fraudulent — commissions not part of profits — plaintiff entitled to judgment for amount fixed by agreement of settlement plus share of expenses erroneously allowed but not paid — plaintiff not entitled to costs.

In an action to set aside an agreement of settlement of an alleged partnership involving the purchase and sale of a tract of land and for an accounting, wherein the plaintiff contended that the agreement of settlement, whereby the rights and shares of the parties were fixed and agreed upon, was signed by him through fraud on the part of the defendants, it appeared that the appellant purchased

a parcel of land and entered into an agreement with the plaintiff, the other defendant and another party, whereby the three other parties were to contribute $5,000 each and to receive a one-fourth interest in the enterprise; that one of the parties refused° to carry out his agreement; that the plaintiff on making a payment of a part of the amount which he was to invest received from the appellant an instrument reciting a sale to the plaintiff of one-fourth interest in the enterprise; that the plaintiff retained said instrument and has never sought to have it reformed nor asserted that it did not correctly set forth the interest which he purchased; that he paid but one-half of the amount which he agreed to pay and after the property was sold the parties met and it was agreed that the plaintiff's interest in the enterprise was to be one-eighth; that the plaintiff took the data furnished by the appellant in reference to the expenses and disbursements paid by the appellant and made up a balance sheet or statement showing payments, receipts and profits, and that upon that balance sheet the profits were apportioned among the parties according to their interests. The plaintiff seeks to avoid the accounting and settlement upon the ground that the appellant deceived him as to the profits made in that the appellant claimed larger disbursements, expenses and adjustments than he actually paid.

*Held*, that, in the absence of fraud, the agreement of settlement between the parties and the account agreed upon at that time was binding upon all the parties, and an action at law might be maintained thereon.

There was no evidence given on the trial that any of the payments claimed to have been made by the appellant and set forth by the plaintiff in the account agreed upon had not been made by the appellant or that he was not obligated to make them and the plaintiff failed to show any grounds for an accounting in the action.

In determining on the accounting before the referee the amount that the appellant should be allowed for expenses and disbursements, it was error to limit him to those items only for which he produced receipts, canceled checks or some sort of corroborative evidence, and he was entitled to have his own testimony considered the same as any other witness, and, if the referee believed it, it was a sufficient basis for a finding in his favor.

Upon the accounting before the referee the appellant was compelled to account for the commission he received at the time he purchased the property. As the receipt of this commission was known to all the parties at the time of the settlement between them, it was not an element of fraud which vitiated the agreement of settlement and the appellant should not have been required to account for it as a part of the profits.

The plaintiff is entitled to a judgment for the amount found due on the agreement of settlement between the parties plus one-eighth of the excess allowed to the appellant on that settlement for commissions paid on the sale of the property, which on the accounting was shown to have been erroneously allowed.

The plaintiff is not entitled to costs since there was no evidence on the accounting before the referee that the appellant's accounts were wrong to such an extent as to indicate that he had willfully deceived the plaintiff, and since the plaintiff did not establish a cause of action upon the trial.

APPEAL by the defendant, Morris S. Schoenbaum, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 3d day of November, 1921, upon the report of a referee appointed by an interlocutory judgment to take and state an account, with notice of an intention to bring up for review the said interlocutory judgment entered in said clerk's office on the 24th day of November, 1920, and also from an order confirming the report of the referee herein

as resettled by an order of the Supreme Court made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 6th day of December, 1921.

*Joseph H. San,* for the appellant.

*Henry Schoenherr,* for the plaintiff, respondent.

JAYCOX, J.:

The plaintiff alleges that he and the defendants were equal partners and each entitled to one-third of the profits in a transaction involving the purchase and sale of a tract of land and that he was induced by fraud to enter into an agreement of settlement whereby the rights and shares of the parties were fixed and agreed upon. He asks that this agreement be set .aside, that the defendants account and that he be paid the amount due him.

The defendant Shapiro agrees with the plaintiff's claim that a partnership existed and as to the shares of the partners therein. The defendant Schoenbaum denies the existence of a partnership and alleges that plaintiff agreed to purchase a one-fourth interest in a contract held by the said defendant for the purchase of a tract of land and that plaintiff only paid one-half of that amount and that when the transaction was closed the plaintiff conceded that his interest was one-eighth; that an accounting was had and a settlement effected upon that basis. He also denies that the settlement was procured by fraud.

It is conceded by the nature of the action that in the absence of fraud the account taken and stated between the parties was binding upon all the parties and an action at law might be maintained thereon. (Rowley Modern Law of Part. § 751; Lindley Part. § 564; Pars. Part. § 193.)

The trial court decided all the issues in favor of the plaintiff, and entered an interlocutory judgment directing an accounting. The accounting has been had and final judgment entered directing both defendants to pay the plaintiff large sums of money. The defendant Schoenbaum appeals.

The idea of the purchase and sale of this property was originated by the defendant Schoenbaum, and he took the contract in his own name and conducted the whole transaction. After he conceived the scheme he invited the plaintiff and the defendant Shapiro to take part in it. Before the plaintiff paid any money Schoenbaum had purchased the property and signed the contract therefor. The original plan, according to the plaintiff, was for the parties to this action and a man named Bernheim to each put in $5,000 and each own a quarter interest. Bernheim changed his mind and refused to go in, and it was agreed that the others should

go on and each should have a one-third interest. The defendant Schoenbaum, however, claims that when Bernheim refused to become a party to the transaction no change was made in the interests which the plaintiff and Shapiro were to have in the project, and in this he is borne out by some very convincing evidence. When Bernheim withdrew, the contract, as above stated, was already made and Schoenbaum knew the payments required; but there is no claim that he asked these parties to advance any more money or to become liable to any greater extent. Schoenbaum was going to lose the $5,000 which Bernheim was to have contributed to the capital, and without any consideration whatever the plaintiff and the defendant Shapiro were to have their shares increased from fourths to thirds. Bernheim announced his intention not to participate in the venture, according to plaintiff's testimony, on the same day that the plaintiff made his first payment to Schoenbaum. When this payment was made, Schoenbaum gave the plaintiff a very significant instrument, of which the following is a copy:

" In consideration of Edwin C. Morsch investing the sum of ($5,000 00/100) five thousand dollars, I herewith sell, assign and transfer (25%) twenty five per cent interest in my contract covering property known as ' Queens Commons ' on a map filed in County Clerks office in Queens County, and which contract is dated June 10, 1919. " M. S. SCHOENBAUM.

" Jamaica, N. Y., *June* 19, 1919.

" Received one thousand dollars on account.
                    " M. S. SCHOENBAUM."

The plaintiff and Schoenbaum are both lawyers. Plaintiff took this instrument, retained it and has never sought to have it reformed nor asserted that it did not correctly set forth the interest which he purchased. The plaintiff only paid $2,500 on account of the sum he agreed to pay, and when he announced that this was all he would pay in the defendant Schoenbaum told him at once that he would only get a one-eighth interest. After the property was sold the parties met and an accounting was had and the amount due plaintiff was agreed upon and that amount was fixed by awarding to the plaintiff one-eighth, Shapiro one-fourth, and Schoenbaum five-eighths of the profits. The shares were agreed upon and plaintiff took the data furnished by Schoenbaum and made up a balance sheet or statement showing payments, receipts and profits. Upon that balance sheet these profits were apportioned among the parties as above stated. This agreement and the making of the statement are not denied, and could not be, as a

letter written by the plaintiff was introduced in evidence in which plaintiff recites the meeting, the agreement upon the figures and the making by him of the statement. This agreement is the agreement plaintiff seeks to have set aside. He, however, does not claim — and certainly has not proven — any fraud as to the share he was to have in the venture. The evidence shows unmistakably that the plaintiff purchased a one-fourth interest and paid one-half the amount he agreed to pay therefor. Having paid for an eighth, he conceded that he was only entitled to an eighth and settled on that basis.

The plaintiff seeks to avoid the accounting and settlement agreed on upon the ground that the defendant Schoenbaum deceived him as to the profits made. This necessarily is based upon a claim that the defendant Schoenbaum deceived him as to the disbursements, expenses and adjustments, as the purchase price and sale price were matters of contract. To this there is one exception. The plaintiff claims that Schoenbaum made a secret profit because he was paid a commission by the sellers when the sale was made to him. We will pass that for the present and first consider the disbursements and expenses. Upon the trial there was absolutely no evidence that all the payments claimed to have been made by Schoenbaum and set forth by the plaintiff in the account they agreed upon had not been made or that Schoenbaum was not obligated to make them. The testimony in this regard consisted of the examination of Schoenbaum before trial and some pages of accounts evidently from his ledger. He did not admit that any payment claimed by him was not made. The account was not in his handwriting, and he did not swear that all payments to which he had obligated himself had been made or that all payments made by him were recorded therein or that the amount was correct. The plaintiff in his brief herein does not point out a single erroneous item among the disbursements claimed by Schoenbaum. He makes general claims of falsity and claims that payments were made to persons other than those named in the account and that the payments had not been made at the date of the account, but there is no claim that they had not been made or were not to be made at all. Notwithstanding that the plaintiff upon this proof was not entitled to it, an accounting was had, and reference may be had to that to see if the plaintiff substantiated his claim. Upon the accounting the referee allowed Schoenbaum every item of expense or deduction claimed by him except one, and that item was for commissions upon the sale of the property. In the voluntary accounting Schoenbaum was allowed $5,416.25 for this, and the referee allowed $4,100. At the time of the

voluntary accounting between the parties, this amount ($5,416.25) was ascertained by computing five per cent commission upon the sale price, $108,325. This computation was made by the plaintiff. The referee has allowed plaintiff $4,100 for commissions paid to brokers. In addition to this, one of the brokers, Hardgrove, testified that the plaintiff owed him $350. Curry, the other broker who shared in the commissions, testified positively that the agreed commission was $5,000. Hardgrove did not testify to the exact amount of the commission, but said that he was to have $3,100, and Curry all above that. Curry said that he had received $1,350, but when he gave the details he made the amount $1,420. The attitude of the referee upon the accounting was that the defendant Schoenbaum could be allowed only for those items for which he produced receipts, canceled checks, or some sort of corroborative testimony. This, we think, was not a correct statement of the law. The accounting party was entitled to have his testimony considered the same as any other witness and, if the referee believed it, it was a sufficient basis for a finding in his favor. Clearly the finding as to this item is not even in accordance with the evidence of the disinterested witnesses.

Upon the accounting before the referee the defendant Schoenbaum was compelled to account for the commission he received at the time he purchased the property. That this commission was known to all the parties at the time of the settlement between them and agreed to is shown by the testimony of each of them and by a letter written by the plaintiff some time thereafter. This item, therefore, was not an element of fraud which vitiated the agreement made by the parties after the transaction in which they were interested terminated. The defendant should not have been required to account for it as a part of the profits. It is apparent that at the time of the settlement every element involved was known to all the parties, and after a trial and an accounting every item has been sustained but one. That item has been sustained to almost the full amount. The difference between the amount allowed upon the voluntary accounting and the amount testified upon this accounting is only $416.25, and of that amount the plaintiff is entitled to one-eighth, or $52.03. If upon the accounting before the referee it had been shown that Schoenbaum's accounts were wrong to such an extent as to indicate that he had willfully deceived the plaintiff, the fact that the plaintiff did not establish a cause of action upon the trial might be overlooked and the expense of resisting a just claim visited upon the defendant Schoenbaum. The error, however, was so slight and as it came about in a manner which is consistent with an honest intention,

we think that the ends of justice will be best served by permitting a recovery by the plaintiff against the defendant Schoenbaum of the amount found due upon the settlement — $742.54 — plus $52.03, making a total of $794.57; that all allowances to plaintiff and all costs be disallowed and the interlocutory and final judgments, as thus modified, be affirmed, without costs.. All findings of fact and conclusions of law inconsistent herewith are reversed. This court will make the necessary findings of fact (in accordance with this opinion) to sustain the judgment to be entered.

Present — BLACKMAR, P. J., KELLY, JAYCOX, MANNING and KELBY, JJ.

Final and interlocutory judgments modified in accordance with opinion, and as so modified unanimously affirmed, without costs.